IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JIMMY WAYNE LEACH, ) | |
| # B-85974, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 16-cv-01298-SMY |
| ) | |
| EVAN OWENS, ) | |
| TROY WISE, ) | |
| and ADAM NAGRSKI, ) | |
| ) | |
| Defendants. ) | |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Jimmy Leach, a pretrial detainee who is currently confined at Franklin County Jail ("Jail"), brings this civil rights action pursuant to 42 U.S.C. § 1983 and Illinois tort law against Adam Nagrski (public defender), Evan Owens (State's Attorney) and Troy Wise (State's Attorney). (Doc. 1). Plaintiff claims that all three defendants violated his rights under the Fourth and Fourteenth Amendments when they took insufficient steps to ensure his release on bond within 48 hours of his booking at the Jail. (Doc. 1, p. 5). He also brings a malicious prosecution claim against the two State's Attorneys based on the same conduct. *Id*. In addition, Plaintiff claims that his public defender, Attorney Nagrski, refused to file a motion for substitution of judge in his criminal case in violation of the Sixth Amendment. *Id*. Plaintiff now seeks release from Jail and monetary damages against the defendants. (Doc. 1, p. 6).

This case is now before the Court for a preliminary review of the Complaint (Doc. 1) pursuant to 28 U.S.C. § 1915A, which provides:

>     (a) **Screening** – The court shall review, before docketing, if feasible or, in
> any event, as soon as practicable after docketing, a complaint in a civil action in

>which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>    (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>    (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>    (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint

In the Complaint, Plaintiff alleges that he was booked into Franklin County Jail on March 18, 2016. (Doc. 1, p. 5). He was hospitalized from March 21-29, 2016.[1] *Id*. While still hospitalized and in a coma, Plaintiff was issued an "OR Bond" on March 25, 2016. *Id*. After regaining consciousness, he was arrested for Case No. 16-CF-109 on March 29, 2016. *Id*. In addition to the "OR Bond," Attorney Owens notified Plaintiff that he was subject to a $100,000 bond. *Id*. He was denied a recognizance bond despite the fact that he violated no conditions of the "OR Bond." *Id*. Plaintiff claims that he was unlawfully held for 13 days from March 18-30,

---

[1] Plaintiff is separately pursuing a suit against Jail officials who denied him medical care at the Jail, resulting in his hospitalization. *See Leach v. Shaffer, et al.*, No. 16-cv-0634-JPG (S.D. Ill. 2016). He does not seek to reassert those claims in this case.

2016. *Id*. On May 25, 2016, Attorney Owens took the "OR Bond" from Plaintiff without a hearing. *Id*.

Additionally, Plaintiff complains that his public defender, Attorney Nagrski, refused to file a motion for relief on Plaintiff's behalf to address his unlawful detention. (Doc. 1, p. 5). Attorney Nagrski later refused to file a motion for substitution of judge in Plaintiff's criminal case. *Id*.

Based on the conduct described above, Plaintiff now asserts federal constitutional claims under the Fourth and Fourteenth Amendments and a state law claim for malicious prosecution against Attorneys Owens and Wise (State's Attorneys). *Id*. He brings claims against Attorney Nagrski (public defender) under the Fourth, Sixth, and Fourteenth Amendments. *Id*. Plaintiff seeks release from custody and monetary damages against the defendants. (Doc. 1, p. 6).

## Discussion

**1.     Section 1983 or Habeas**

As an initial matter, this Court must independently evaluate the substance of Plaintiff's claims to determine if the correct statute - in this case 42 U.S.C. § 1983 - is being invoked. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) (dismissing § 1983 claims that should have been brought as petitions for writ of habeas corpus); *Godoski v. United States*, 304 F.3d 761, 763 (7th Cir. 2002) (court must evaluate independently the substance of the claim being brought, to see if correct statute is being invoked). Plaintiff seeks both monetary damages and release from custody because of the defendants' alleged violations of his federal constitutional and state law rights. Monetary relief is available under § 1983, but release from custody is not.

To the extent Plaintiff challenges the fact of his confinement and seeks release, he should have filed a petition for a writ of habeas corpus. "[W]hen a state prisoner is challenging the very

3

fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from the imprisonment, his sole federal remedy is a writ of habeas corpus." *Preiser*, 411 U.S. at 500.  This is the proper route "[i]f the prisoner is seeking what can fairly be described as a quantum change in the level of custody-whether outright freedom, or **freedom subject to the limited reporting and financial constraints of bond** or parole or probation." *Graham v. Broglin*, 922 F.2d 379, 381 (7th Cir. 1991) (emphasis added).  Accordingly, Plaintiff's present challenge to his confinement and his related request for release will be dismissed from this action.  However, the dismissal does not preclude him from filing a separate state or federal habeas action, if he wishes to pursue this request for relief.  Before doing so, however, Plaintiff must exhaust his state court remedies, unless he can demonstrate cause and prejudice.  *See* 28 U.S.C. § 2254(b)(1).  Plaintiff's claims for monetary damages against the defendants based on their alleged violations of his federal constitutional rights and Illinois tort law remain in this action.  (Doc. 1, p. 6).

**2.      Claims Against Public Defender**

The Complaint articulates no federal constitutional claims under § 1983 against Attorney Nagrski, the public defender who represented Plaintiff in his criminal case (*i.e.*, Case No. 16-CF-109).  "[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk Co. v. Dodson*, 454 U.S. 312, 325 (1981).  Plaintiff's claims against this defendant arise from two motions the public defender declined to file on behalf of Plaintiff in his criminal proceedings.  The decision whether and when to file motions is the type of traditional function that is served by counsel in a criminal proceeding.  In this context, public defenders are not "state actors" who are amenable to a civil suit for money damages.  *Id*.  Plaintiff cannot proceed with a federal claim under § 1983

4

against a non-state actor. *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999); *Gayman v. Principal Fin. Servs., Inc.*, 311 F.3d 851, 852-53 (7th Cir. 2003). Therefore, Plaintiff's federal constitutional claims against Attorney Nagrski for money damages shall be dismissed with prejudice. He asserts no state law claims against this defendant.

**3.     Claims Against State's Attorney**

The Complaint also fails to state a claim for monetary relief under § 1983 against Attorneys Owens and Wise, the State's Attorneys who played a role in decisions regarding Plaintiff's bond. It is well-settled law that "[i]n initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983." *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976). The Seventh Circuit has recognized that a prosecutor does not enjoy absolute immunity in all situations. *See Fields v. Wharrie*, 672 F.3d 505 (7th Cir. 2012); *Houston v. Partee*, 978 F.2d 362 (7th Cir. 1992); *Whitlock v. Brueggeman*, 682 F.3d 567 (7th Cir. 2012) (suit may proceed if the alleged unconstitutional action took place after the conviction became final). The "degree of immunity" that prosecutors are afforded "depends on their activity in a particular case." *Anderson v. Simon*, 217 F.3d 472, 475 (7th Cir. 2000).

The Seventh Circuit has explained that "[p]rosecutors are absolutely immune from liability for damages under § 1983 for conduct that is functionally prosecutorial; this immunity is understood to broadly cover all conduct associated with the judicial phase of the criminal process." *Bianchi v. McQueen*, 818 F.3d 309, 316 (7th Cir. 2016) (citing *Van de Kamp v. Goldstein*, 555 U.S. 335, 341-43 (2009); *Burns v. Reed*, 500 U.S. 478, 486 (1991); *Imbler*, 424 U.S. at 430-31). If a prosecutor's function is "judicial or quasi-judicial, he is entitled to absolute immunity from suit, but if the function [i]s administrative or investigatory, he is only entitled to qualified immunity." *Id.* (citation omitted). When determining the type of immunity enjoyed by

5

a prosecutor, the Seventh Circuit has instructed district courts to give *Imbler* a broad reading and focus its inquiry on the nature of the function performed by the prosecutor in the particular case. *See, e.g., Spiegl v. Rabinovitz*, 121 F.3d 251, 256-57 (7th Cir.) *cert. denied*, 118 S.Ct. 565 (1997).

The Seventh Circuit has long held that the conduct of a State's Attorney in connection with grand jury and bail proceedings is "intimately associated with the judicial phase of the criminal process." *Houston*, 978 F.2d at 365 (citations and internal quotation marks omitted). *See also Pinaud v. County of Suffolk*, 52 F.3d 1139, 1149 (2d Cir. 1995) ("[A]ctions in connection with a bail application are best understood as components of the initiation and presentation of a prosecution, and therefore are protected by absolute immunity."). Here, the Complaint focuses entirely on conduct of the two State's Attorneys in the bond proceedings, and this conduct is considered judicial or quasi-judicial in nature. The State's Attorneys are therefore entitled to absolute immunity. Thus, Plaintiff's claims against Attorneys Owens and Wise shall be dismissed with prejudice on these grounds.

The federal constitutional claims against the three defendants do not survive preliminary review under § 1915A and shall be dismissed with prejudice. In light of this fact, the Court declines to exercise jurisdiction over the supplemental Illinois state law claim(s), and those claim(s) shall be dismissed without prejudice from this action. *See* 28 U.S.C. § 1367(c)(3). *See also Bianchi*, 818 F.3d at n. 7 (citing *Sharp Elec. Corp. v. Metro. Life Ins. Co.*, 578 F.3d 505, 514 (7th Cir. 2009) ("Normally, when all federal claims are dismissed before trial, the district court should relinquish jurisdiction over pendent state-law claims. . . .")). This § 1983 action shall be dismissed with prejudice. However, this dismissal in no way precludes Plaintiff from pursuing relief under state tort law or seeking state or federal habeas relief. *See Dodson*, 454

U.S. 312, n. 18 ("In addition to possible relief under state tort law, an indigent prisoner retains the right to initiate state and federal habeas corpus proceedings. For an innocent prisoner wrongly incarcerated as the result of ineffective or malicious counsel, this normally is the most important form of judicial relief.").

## Pending Motions

Plaintiff has filed a Motion for Recruitment of Counsel (Doc. 3), which is hereby **DENIED**. There is no constitutional or statutory right to counsel in federal civil cases. *Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010); *Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006). Nevertheless, the district court has discretion under 28 U.S.C. § 1915(e)(1) to recruit counsel for an indigent litigant. *Ray v. Wexford Health Sources, Inc.*, 706 F.3d 864, 866–67 (7th Cir. 2013). When a *pro se* litigant submits a request for assistance of counsel, the Court must first consider whether the indigent plaintiff has made reasonable attempts to secure counsel on his own. *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013) (citing *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007)). If so, the Court must examine "whether the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it." *Navejar*, 718 F.3d at 696 (quoting *Pruitt*, 503 F.3d at 655). "The question . . . is whether the plaintiff appears competent to litigate his own claims, given their degree of difficulty, and this includes the tasks that normally attend litigation: evidence gathering, preparing and responding to motions and other court filings, and trial." *Pruitt*, 503 F.3d at 655. The Court also considers such factors as the plaintiff's "literacy, communication skills, education level, and litigation experience." *Id*.

Plaintiff satisfies neither requirement. He disclosed no efforts to secure counsel on his own before seeking the Court's assistance in doing so. (Doc. 3, p. 1). Further, he evinces an

ability to competently litigate this straightforward matter without the assistance of counsel, despite the fact that his education is limited to "some college." The Complaint is clearly drafted, well-organized, and succinct. The Motion is therefore **DENIED**.

Plaintiff has also filed a Motion for Service of Process at Government Expense (Doc. 4), which is **DENIED** as **MOOT**.

### Disposition

**IT IS HEREBY ORDERED** that Plaintiff's Complaint (Doc. 1) and this action are **DISMISSED** with prejudice for failure to state a claim upon which relief may be granted and on immunity grounds. This includes his federal constitutional claims under the Fourth, Sixth, and/or Fourteenth Amendments against Defendants **EVAN OWENS, TROY WISE,** and **ADAM NAGRSKI**. Plaintiff's challenge to the fact of his confinement and his request for release from custody are more appropriately addressed in a habeas action and are therefore **DISMISSED** without prejudice from this action. In addition, the Court declines to exercise jurisdiction over the supplemental state law claims set forth in the Complaint, and the state law claims are also **DISMISSED** without prejudice from this action. 28 U.S.C. § 1367(c)(3). This Order in no way precludes Plaintiff from pursuing relief under state tort law or seeking state or federal habeas relief. *See Dodson*, 454 U.S. 312, n. 18.

Plaintiff is **ADVISED** that this dismissal shall count as one of his allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350.00 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

If Plaintiff wishes to appeal this Order, he may file a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. 4(A)(4). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien*, 133 F.3d at 467. Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of judgment, and this 28-day deadline cannot be extended.

The Clerk shall **CLOSE THIS CASE** and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: February 21, 2017**

                                                    s/ STACI M. YANDLE
                                                    **U.S. District Judge**